917 So.2d 244 (2005)
David A. BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3092.
District Court of Appeal of Florida, Second District.
December 9, 2005.
DAVIS, Judge.
David A. Butler appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rules of Criminal Procedure 3.850 and 3.800(a), motion for reconsideration of sentence filed pursuant to rule 3.800(a), and the addendum to his rule 3.850 motion. We affirm in part, reverse in part, and remand.
In his motion for postconviction relief filed pursuant to rules 3.850 and 3.800(a), Butler claims that his consecutive sentences for aggravated stalking are illegal because the offenses occurred during a continuous criminal transaction. The postconviction court dismissed this motion as untimely under rule 3.850 and as not cognizable under rule 3.800(a). The postconviction court was correct in determining that Butler's challenges to his convictions, imposed on March 14, 2001, were untimely. However, because Butler's sentences became final for rule 3.850 purposes when the affirming mandate was issued by this court on February 6, 2004, Butler's postconviction motion challenging his consecutive *245 sentences, filed on June 16, 2004, was not untimely since it was filed within the two-year period provided by rule 3.850(b). Accordingly, the order of the postconviction court dismissing Butler's challenges to his sentences as untimely is reversed and the case is remanded for the postconviction court to consider Butler's challenge to his consecutive sentences on the merits.
In his motion for reconsideration of sentence pursuant to rule 3.800(a), Butler raised two claims for relief. Butler's first claim is identical to the claim addressed above. In his second claim, Butler alleges that the trial court relied on his criminal trespass conviction in circuit court case number CRC02-04969CFANO to determine he violated his probation and that the victim has since acknowledged that he was "admitted to the residence."
Because Butler is challenging his underlying trespass conviction in CRC02-04969CFANO, not his sentence, this claim is not cognizable under rule 3.800(a). See Safrany v. State, 895 So.2d 1145 (Fla. 2d DCA 2005). Although the motion could be considered timely filed under rule 3.850, because the motion was unsworn, his claim could not be considered as if filed pursuant to rule 3.850. See Fla. R.Crim. P. 3.850(c). Therefore, we affirm the postconviction court's dismissal of Butler's claim without prejudice to Butler raising this issue in a sworn, facially sufficient rule 3.850 motion. Any such motion will not be considered successive and will be considered timely if filed within thirty days from the date of issuance of this court's mandate in this proceeding. See Woods v. State, 879 So.2d 22 (Fla. 2d DCA 2004).
The postconviction court's dismissal of Butler's addendum to his rule 3.850 motion is affirmed without further comment.
Affirmed in part, reversed in part, and remanded.
KELLY and LaROSE, JJ., Concur.