973 So.2d 677 (2008)
David A. BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1807.
District Court of Appeal of Florida, Second District.
February 13, 2008.
David A. Butler, pro se.
Bill. McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
David A. Butler appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The "sentence" Mr. Butler seeks to correct actually consists of handwritten amendments to his initial sentencing documents, apparently made by nonjudicial government employees without notice to Mr. Butler. The amendments changed the documents to indicate that the sentence was to be served consecutively to *678 sentences in another case, rather than concurrently. Although this amendment may be the sentence intended by the judge who orally imposed it, we are not convinced that this document is actually a "sentence." Nevertheless, it appears that the Department of Corrections is treating it as such. We therefore reverse and remand for further proceedings.
Mr. Butler appeared for sentencing in case number CRC98-10959CFANO-D and case number CRC02-02681CFANO-D on October 25, 2002. Our record contains a transcript of that hearing at which Judge Philip J. Federico presided. Assuming the transcript is accurate, and we have no reason to doubt its accuracy, Mr. Butler received four five-year sentences of incarceration. Three of the sentences were imposed in case number CRC98-10959CFANO-D, with the second sentence being concurrent with the first and the third sentence being consecutive, so that the total sentence imposed was ten years' imprisonment. A final sentence was imposed in case number CRC02-02681CFNO-D, which was announced as a five-year sentence consecutive to the sentences in case number CRC98-10959CFANO-D. Thus, the sentences, as announced in the transcript, totaled fifteen years' imprisonment. However, the written sentence prepared after that hearing in case number CRC02-02681CFANO-D provided that the five-year sentence in that case would run concurrently with the sentences in case number CRC98-10959C FANO-D.
In 2004, Mr. Butler filed a posteonviction motion in case number CRC98-10959CFAMO-D challenging the consecutive sentences in that case, arguing that they were improper because the crimes occurred in a continuous criminal transaction. See Butler v. State, 917 So.2d 244 (Fla. 2d DCA 2005) (reversing the summary denial of this claim as untimely and remanding for further proceedings). That motion was ultimately denied by the trial court on the merits, and that order was affirmed by this court. Butler v. State, 931 So.2d 910 (Fla. 2d DCA 2006) (table decision). It appears these proceedings did not challenge or involve the sentence in case number CRC02-02681CFANO-D.
On January 25, 2006, however, for reasons not explained by our limited record, "JMH," who apparently is an employee in the office of the clerk of court, scratched through the typed word "concurrent" in Mr. Butler's sentence in CRC02-02681CFANO-D and inserted the handwritten word "consecutive." Another person whose initials are difficult to read wrote "record to amend cons and concurrent counts and cases" on the face of the judgment. It is these changes in the written judgment and sentence that Mr. Butler is attempting to challenge with his motion to correct an illegal sentence.
The circuit court denied Mr. Butler's motion, claiming that the amendment was merely a correction of a scrivener's error. The judge who denied this motion was not the sentencing judge and simply relied on the transcript.
We are concerned because the changes in Mr. Butler's sentence were apparently made by nonjudicial government employees without any motion from the State and without notice or opportunity to be heard afforded to Mr. Butler. He was entitled to representation by counsel when his sentence was entered. If these handwritten notations are deemed to be an amended sentence, he was probably entitled to representation by counsel when the amendments were entered and should have been informed of a right to file a direct appeal from the amended sentence.
The written sentence was entered on October 25, 2002. Mr. Butler received 252 days of jail credit in that sentence, and *679 that credit was not altered by the handwritten changes. It is possible that Mr. Butler is correct in maintaining that he has fully served the sentence delivered to the Department of Corrections with his commitment papers and that under these circumstances the sentence could not be legally transformed into a consecutive sentence by a clerk in 2006 or by a judge in 2008.[1] We candidly are not certain whether this odd set of facts fits within the usual definition of an illegal sentence. We conclude, however, that the trial court's order does not resolve serious due process issues that Mr. Butler timely raised when he became aware of the purported amendment to his sentence. Accordingly, we reverse the order on appeal and remand for further proceedings.[2]
Reversed and remanded.
WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] Compare Delernos v. State, 969 So.2d 544 (Fla. 2d DCA 2007), with United States v. Easterling, 157 F.3d 1220 (10th Cir.1998). We do not decide this issue at this time because the circuit court has not had the opportunity to address it.
[2] At this court's request, the response from the State provided copies of the sentences in case number CRC98-10959CFAMO-D. These sentences show a similar amendment on January 25, 2006, that entirely eliminated the section on consecutive/concurrent sentencing. The legality and effect, if any, of this amendment is unclear to this court, but it may be a matter that the trial court should consider on remand.