ALTENBERND, Judge.
 

 Sidney Davis appeals the denial of his petition for a writ of habeas corpus seeking an immediate release from prison. We reverse and remand with directions for the circuit court of the Sixth Judicial Circuit for Pasco County to transfer the petition to the circuit court of the First Judicial Circuit for Escambia County as a motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Although there may be some explanation, on the face of this court’s record it appears that Mr. Davis is serving a life sentence for a second-degree felony and that he has been in prison for this second-degree felony for more than thirty years.
 

 Our record is limited to the exhibits attached to Mr. Davis’s petition for writ of habeas corpus. The documents, however, appear to be accurate copies of the information and the judgment and sentence from his 1976 criminal case, which were filed in the circuit court in Escambia County. The information, dated May 11, 1976, contains three counts. Count I alleges burglary in violation of section 810.02(3), Florida Statutes (1975), which was a second-degree felony in 1976. Count II is sexual battery in violation of section 794.011(3), Florida Statutes (1975), which was a first-degree felony, punishable by life in prison. Count III is petit theft of a pack of cigarettes and an “undetermined amount of pennies.” The judgment and sentence, dated November 19, 1976, state that he has been convicted of “burglary,” “sexual battery,” and “petit theft.” The sentences imposed, respectively, are life, 20 years’ imprisonment, and 60 days in the county jail, all concurrent. The only sentence that has not expired at this time is the life sentence for burglary.
 

 It is apparent from our record that the State could have charged Mr. Davis with burglary with an assault in 1976 under section 810.02(2), which was a first-degree felony punishable by life, or the trial judge could have imposed a life sentence for the sexual battery. It does not appear, however, that either of these options occurred. On the face of our record, Mr. Davis simply appears to have received an illegal sentence for a burglary for which he was charged and convicted under section 810.02(3).
 
 See Helmick v. State,
 
 569 So.2d 869 (Fla. 2d DCA 1990) (holding that it is fundamental error to enhance a conviction when the count of the information charging the offense does not allege the en
 
 *649
 
 hancement, even though another count of the same information charging a different offense committed in the same criminal episode alleges the enhancement);
 
 Colwell v. State,
 
 448 So.2d 540, 541 (Fla. 5th DCA 1984) (holding that “[e]ach count of an information stands on its own, is the only vehicle by which the court obtains its jurisdiction[,] and is a limit upon that jurisdiction”).
 

 Our record contains an order from the circuit court in Escambia County, which would suggest that Mr. Davis has filed one or more motions in an effort to obtain postconviction relief in the court where he was sentenced. The order that we have, dated January 18, 2008, refused to address Mr. Davis’s claim as a motion pursuant to rule 8.800(a) and treated it as an untimely motion pursuant to rule 3.850. The order further indicates that relief, if available, would be by habeas corpus in the county where Mr. Davis is incarcerated.
 

 The order dated January 18, 2008, is confusing to this court because it states:
 

 Defendant is not arguing that a sentence of life cannot be imposed on one convicted of burglary of an occupied dwelling with a weapon, rather he is arguing that he was not convicted of burglary of an occupied dwelling with a weapon. Such challenges would be properly raised in a motion for postconviction relief pursuant to Florida Rule of Criminal Proeedui’e 3.850, not in a Motion to Correct Illegal Sentence.
 

 Perhaps the circuit court in Escambia County has an amended information or another judgment and sentence. The documents filed in this court do not have an information charging burglary with a weapon. We do not have a judgment of conviction for that offense. We have an information charging a second-degree felony, a conviction for that felony, and then, oddly, a life sentence for a second-degree felony.
 

 This court is now reviewing Mr. Davis’s case because Mr. Davis was and currently still is imprisoned in Pasco County, which is within the territorial jurisdiction of this court. Mr. Davis followed the suggestion of the circuit court in Escambia County and filed his challenge to his sentence as a petition for habeas corpus in Pasco County, attaching the documents we have described in this opinion. The circuit court in Pasco County denied his petition with no explanation beyond the word, “denied,” so we do not have the benefit of that court’s analysis.
 
 [1]
 
 We, of course, understand that the circuit court in Pasco County had limited authority under a petition for habeas corpus and that it could review only to determine “whether the court that entered the order was without jurisdiction to do so or whether the order is void or illegal.”
 
 Alachua Reg’l Juvenile Detention Ctr. v. T.O.,
 
 684 So.2d 814, 816 (Fla.1996).
 

 It is true that in
 
 Cochran v. State,
 
 899 So.2d 490 (Fla. 2d DCA 2005), this court ordered a resentencing in similar circumstances. However, Mr. Cochran had committed his criminal offenses in Sarasota County, which is located within this court’s territorial jurisdiction, allowing this court to determine the level of felony for his conviction and the applicable statutory maximum.
 

 It seems clear in this case that the circuit court in Escambia County had juris
 
 *650
 
 diction over Mr. Davis’s case in 1976. We are unconvinced that either the circuit court in Pasco County or this court could declare Mr. Davis’s sentence for burglary to be “void.” We do not interpret the word “illegal” in
 
 T.O.
 
 to give all custodial circuit courts jurisdiction to conduct proceedings to determine whether sentences are “illegal,” given that the sentencing court in each case retains jurisdiction to conduct such a review under rule 3.800(a) “at any time.”
 

 Our recent opinion in
 
 Stang v. State,
 
 24 So.3d 566 (Fla. 2d DCA 2009), does not hold otherwise and is distinguishable. In
 
 Stang,
 
 this court determined that an amended sentence imposed by the circuit court in Palm Beach County, which authorized Stang’s incarceration, was void and that enforcement of the sentence as originally imposed in Palm Beach County entitled Stang to an immediate release from his imprisonment in Polk County.
 
 Id.
 
 The circumstances justifying the use of a writ of habeas corpus in such a fashion are very limited, and a habeas petition filed in the county of imprisonment is not a substitute for challenging sentences by appropriate postconviction motions filed in the county of sentencing.
 
 See Broom v. State,
 
 907 So.2d 1261 (Fla. 3d DCA 2005).
 

 At this point, over thirty years after the imposition of the life sentence, we conclude that Mr. Davis’s claim that the imposed life sentence exceeds the statutory maximum sentence for the second-degree felony must be raised by a Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence filed in the circuit court for Escambia County. Such a motion would not appear to be successive, given that the last order from Escambia County refused to consider his claim under that rule. Obviously, relief may be granted to correct a manifest injustice even if the circuit court has previously denied a claim on its merits.
 
 See Eason v. State,
 
 932 So.2d 465 (Fla. 1st DCA 2006).
 

 Accordingly, we reverse the order of the circuit court of the Sixth Judicial Circuit in Pasco County denying Mr. Davis’s petition for a writ of habeas corpus and direct that the petition be transferred to the circuit court of the First Judicial Circuit in Es-cambia County as a motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
 
 See Bush v. State,
 
 945 So.2d 1207, 1215 (Fla.2006).
 

 Reversed and remanded with directions.
 

 CASANUEVA, C.J, and VILLANTI, J., Concur.
 

 [1]
 

 . Even though our reversal is not based on the inadequacy of the content of this order denying relief, circuit court orders denying such motions should articulate a factual or legal basis supporting the order to provide the opportunity for meaningful judicial review and perhaps to convince the prisoner that the order is correct and does not need to be appealed.
 
 See Walters v. State,
 
 994 So.2d 1230 (Fla. 2d DCA 2008).