*1153
 
 VILLANTI, Judge.
 

 James Hammond seeks review of the summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings.
 

 Hammond was charged with one count of attempted first-degree murder for events that occurred in November or December 2004. From what can be gleaned from the limited record we have, Hammond was at a bar and got into a dispute with another patron. The fight spilled over into the parking lot. While Hammond and the victim were circling each other, another bar patron rushed toward them. Hammond pulled out a knife and slashed the victim across the throat. Hammond then fled the scene.
 

 On December 12, 2005, the first day of trial, Hammond entered an open guilty plea to the charge. On February 3, 2006, after an extensive sentencing hearing, the trial court sentenced Hammond to eighteen years in prison followed by twelve years’ probation.
 

 On February 17, 2006, before his notice of appeal was filed, Hammond filed a pro se motion to withdraw his plea. In that motion, Hammond alleged that his plea was involuntary because his counsel had advised him that if he entered the open guilty plea, there was “no way that the Judge would sentence the Defendant to the statutory maximum.” Despite this alleged assurance from counsel, however, Hammond was sentenced to the statutory maximum of thirty years. At the hearing on his motion to withdraw plea, Hammond testified that his counsel advised him that if he pleaded open, he would receive a
 
 *1154
 
 sentence of 60.8 months, which was the lowest permissible sentence on Hammond’s Criminal Punishment Code score-sheet. Hammond further alleged that his plea was involuntary because it was entered under duress after the trial court denied his motion to continue the trial.
 

 Before the trial court considered Hammond’s motion to withdraw his plea, counsel filed a notice of appeal from his conviction and sentence. This court relinquished jurisdiction so that the trial court could hold a hearing on Hammond’s motion to withdraw his plea. On April 16, 2007, after a lengthy hearing, the trial court found that no motion for continuance of the trial had ever been made and that Hammond had failed to establish that his counsel had promised him any specific sentence before he entered his open guilty plea on December 12, 2005. Instead, the evidence showed only that counsel had discussed possible sentences with Hammond in February 2006 — two months
 
 after
 
 he had entered his open guilty plea. Based on these findings, the trial court denied the motion to withdraw plea. When jurisdiction returned to this court, the sole issue raised in Hammond’s direct appeal was whether the trial court had erred by denying his motion to withdraw his plea. This court affirmed that ruling without opinion.
 
 See Hammond v. State,
 
 4 So.3d 1231 (Fla. 2d DCA 2008) (table decision).
 

 While Hammond’s direct appeal was pending but while jurisdiction was still relinquished to the trial court, Hammond’s counsel filed a motion to reconsider and/or to mitigate Hammond’s sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). In that motion, counsel argued that there was substantial evidence to show that, the victim was the aggressor in the incident and that Hammond was acting in self-defense. Counsel pointed out that this evidence included testimony from a disinterested witness — one Frank Rosati, who was a cab driver present at the scene of the incident. Counsel also argued that the victim was known to be violent and that this evidence was supported by the testimony of the victim’s uncle, one John Tooker. Counsel noted that this was a case involving a single cut with a knife, not a repeated stabbing or similarly aggravated act. Finally, counsel pointed to Hammond’s relatively scant nonviolent prior record. Based on these facts, counsel requested that Hammond’s sentence be reduced from the statutory maximum to some lesser amount of prison time. After reviewing the evidence presented at the sentencing hearing, the trial court denied this motion.
 

 On February 10, 2010, Hammond filed a timely motion for postconviction relief, raising four grounds for relief. In claim one, Hammond alleged that his counsel was ineffective for failing to interview and/or depose witness Jimmie Johnson, who Hammond alleged would have provided testimony favorable to his self-defense claim. In claim two, Hammond alleged that his counsel was ineffective for failing to advise him that self-defense was a viable defense to the charged crime. In claim three, Hammond alleged that counsel was ineffective for failing to explain that Hammond could be sentenced to the statutory maximum even if he entered an open guilty plea. In claim four, Hammond alleged that counsel was ineffective for leading Hammond to believe that if he entered an open guilty plea, he would receive the lowest permissible sentence as shown on his Criminal Punishment Code scoresheet.
 

 The postconviction court summarily denied Hammond’s motion in its entirety. As to claims one and two, the court found that these claims were procedurally barred because they had been raised and ruled upon at the hearing on Hammond’s motion
 
 *1155
 
 to reconsider, reduce, or modify his sentence. As to claims three and four, the court found that these claims were also procedurally barred because they had been raised and ruled upon in Hammond’s motion to -withdraw his plea. Hammond now appeals these rulings.
 

 We affirm the denial of claims three and four because these claims are in fact identical to those raised in Hammond’s motion to withdraw his plea, which was denied by the trial court and affirmed by this court. Having been previously considered and denied on the merits, these claims are now procedurally barred.
 
 See Schoenwetter v. State,
 
 46 So.3d 535, 562 (Fla.2010) (holding that claim raised in a postconviction motion was procedurally barred when the same issue had been raised and decided adversely to the defendant on direct appeal);
 
 Torres-Arboleda v. Dugger,
 
 636 So.2d 1321, 1323 (Fla.1994) (same).
 

 Claims one and two, however, are not procedurally barred. Hammond contends in these claims that his counsel failed to interview and/or depose a witness who would have given favorable testimony and failed to advise him that self-defense was a viable defense to the charge against him. Hammond contends that he entered his guilty plea on December 12, 2005, based on his misunderstanding of the weight of the evidence against him. While it is true that counsel did raise the self-defense argument at the hearing on the motion to reduce or modify Hammond’s sentence, the issue in that motion was whether the sentence imposed was too harsh — not what information Hammond knew when he entered his open guilty plea three months earlier. Neither the contents of the motion to reduce sentence nor the argument at the hearing on that motion bore on the question of what information Hammond knew when he entered his open guilty plea on the first morning of trial or whether his attorney had misinformed or misled him concerning the weight of the evidence against him
 
 before he entered his plea.
 
 Therefore, claims one and two of Hammond’s motion state new claims for relief that have never been considered or determined on their merits, and, as such, these claims are not procedurally barred. Hence, these claims should have been considered by the post-conviction court.
 

 Accordingly, we affirm the denial of claims three and four but reverse the summary denial of claims one and two and remand for further proceedings on those claims. On remand, if the postconviction court finds the claims to be facially insufficient, it should give Hammond leave to amend these claims for a period not to exceed thirty days.
 
 See Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007). If the claims are facially sufficient, the court must either support a denial with the portions of the record that conclusively refute Hammond’s claims or hold an evidentiary hearing.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 NORTHCUTT and DAVIS, JJ„ Concur.