BLACK, Judge.
 

 In this appeal pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Luis Reyes, Jr., challenges his judgments and sentences in various cases. We affirm all of the convictions and sentences but write to address procedural issues with regard to Reyes’ sentences in case number CRC09-020773CF.
 

 In CRC09-020773CF, Reyes was charged with two counts of sexual battery, in violation of section 794.011(3), Florida Statutes (2009), life felonies; burglary with a battery, in violation of section 810.02(2)(a), Florida Statutes (2009), a first-degree felony punishable by life; and home invasion robbery, in violation of section 812.135(2)(c), Florida Statutes (2009), a first-degree felony. Reyes entered an open plea of no contest to all charges and was sentenced to thirty years in prison followed by ten years of sex offender probation on each count, to run concurrently.
 

 Reyes timely filed his notice of appeal on October 29, 2010. On November 10, 2010, he filed a motion to reconsider his sentences in the trial court. The trial court granted the motion and reduced Reyes’ sentences in case number CRC09-020773CF to twenty-five years in prison, concurrent on all counts. The court did not orally pronounce any probationary period, and it did not change the sentences on the other cases. The order modifying Reyes’ sentences reflects twenty-five year prison terms with no probationary period. However, attached to that order, and also recorded, is an “order amending supervision order” which states that the Department of Corrections’ sentences for Reyes have changed from thirty years to twenty-five years and that the probationary period and conditions as previously ordered remain in effect.
 

 It appears that the trial court considered Reyes’ motion to reconsider sentence as a motion to reduce or modify under Florida Rule of Criminal Procedure 3.800(c), which permits reduction or modification of legal sentences within certain timeframes. However, the trial court was without authority to rule upon the motion as the filing of Reyes’ notice of appeal had divested it of jurisdiction.
 
 See
 
 Fla. R.Crim. P. 3.800(a); Fla. R.App. P. 9.600(b);
 
 Liranzo-Cruzata v. State,
 
 6 So.3d 114, 114 (Fla. 2d DCA 2009).
 
 But see
 
 Fla. R.Crim. P. 3.800(b)(2) (expressly providing for motions during the pendency of appeal); Fla. R.App. P. 9.020(h). Further, this court had not otherwise relinquished jurisdiction.
 
 Cf. Hammond v. State,
 
 62 So.3d 1152, 1154 (Fla. 2d DCA 2011). Thus, the trial court’s “order amending supervision order,” rendered March 9, 2011, and order modifying Reyes’ sentences, rendered April 24, 2011, are void and unenforceable.
 
 See Stang v. State,
 
 24 So.3d 566, 568-70 (Fla. 2d DCA 2009). As a result, Reyes can only be held pursuant to the original sentences imposed-thirty years in prison followed by ten years’ probation, to run concurrently, and it is that sentence that we affirm.
 

 Accordingly, we affirm Reyes’ judgments and sentences without prejudice to any right he may have to file a timely rule 3.800(c) motion following the issuance of a mandate in this appeal or any other appropriate postconviction motion.
 

 Affirmed.
 

 NORTHCUTT and CRENSHAW, JJ., Concur.