685 So.2d 912 (1996)
Cleon L. SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 96-2348.
District Court of Appeal of Florida, Fifth District.
December 13, 1996.
Cleon L. Smith, Madison, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Respondent.
GRIFFIN, Judge.
Petitioner seeks belated appeal of an order denying a 3.800 motion. The threshold issue presented is whether the defendant may obtain relief, based on a claim that he was not given proper gain time credit, by a successive Rule 3.800 motion. While it may be correct that Rule 3.800 does not prohibit successive motions, we hold that where, as here, a defendant raises an issue under Rule 3.800, the lower court denies relief and the defendant fails to appeal, he may not later raise the same issue in another Rule 3.800 motion. In this case, the second Rule 3.800 motion was also denied and petitioner seeks belated review of the order on the second motion. We affirm the denial because the unappealed first order was dispositive.
We observe, however, that at least two intermediate appellate courts of this state have clearly ruled that when a defendant, who is resentenced after violation of probation under a split sentence, is given *913 credit for "all time previously served ... in the Department of Corrections," this provision is sufficient to require the Department of Corrections to perform its "time served" calculations by including the previously awarded gain time to which a defendant is entitled under State v. Green, 547 So.2d 925 (Fla.1989). Slay v. Singletary, 676 So.2d 456 (Fla. 1st DCA 1996); Smith v. State, 659 So.2d 1222 (Fla. 4th DCA 1995); see also Tribue v. State, 21 Fla. L. Weekly D1989 (Fla. 3d DCA Sept. 4, 1996). This court in Bacon v. State, 647 So.2d 332 (Fla. 5th DCA 1994), found such a provision to be inadequate when the issue was raised on direct appeal. It is not suggested by our opinion, however, that the Department of Corrections could refuse to give legally required gain time credit solely because the gain time was not separately mentioned. Nor did we suggest that the gain time was not awardable if not raised on appeal. If some Florida inmates entitled to this gain time will get it without a corrected judgment, then all inmates should. This appears to be the effect of the Supreme Court of Florida's recent decision in Forbes v. Singletary, 684 So.2d 173 (Fla.1996).
If petitioner is entitled to this gain time and yet he is unsuccessful in obtaining this credit through administrative or judicial remedies against the Department of Corrections, see Duggan v. Department of Corrections, 665 So.2d 1152 (Fla. 5th DCA 1996), then, on the date he would otherwise be eligible for release, had proper gain time been awarded, petitioner may apply for a writ of habeas corpus. Because of petitioner's failure to appeal the prior order, however, this court can offer no remedy.
PETITION GRANTED; AFFIRM.
PETERSON, C.J., and COBB, J., concur.