PER CURIAM.
Appellant argues, and the state correctly concedes, that the trial court erred in sentencing him as a habitual offender upon revocation of probation in case numbers 89-31657 and 88-45148A. The written sentencing orders do not reflect the trial court’s oral pronouncement regarding case numbers 89-31657 and 88-45148A, where appellant was sentenced to one year and one day in state prison, not as a habitual offender, but rather concurrently with a habitual offender sentence imposed in another case. A written sentencing order must conform to the trial court’s oral pronouncement of sentence. See Tannehill v. State, 712 So.2d 438 (Fla. 3d DCA 1998). Moreover, a trial court cannot habitualize a defendant on a case if it did not, at the time of the original sentencing, have the option of imposing a habitual offender sentence. See Snead v. State, 616 So.2d 964 (Fla.1993).
Reversed and remanded with directions to strike the habitual offender designation in the written sentences for case numbers 89-31657 and 88-45148A.