764 So.2d 779 (2000)
Charles B. FUSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-951.
District Court of Appeal of Florida, Second District.
July 19, 2000.
PER CURIAM.
Charles B. Fuston appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Fuston contends that his sentence as a habitual violent felony offender to thirty years in prison for burglary of an occupied structure is illegal because the trial court entered a departure sentence without giving written reasons. He contends that his sentence exceeds the sentencing guidelines for the offense and the statutory maximum.
The trial court denied Fuston's motion as being successive of a prior motion filed by Fuston pursuant to Florida Rule of Criminal Procedure 3.850, which the court addressed on its merits and denied. The trial court attached a portion of the prior motion, the memorandum in support of the motion, and the order denying the motion.
As Fuston correctly points out in his initial brief, there is no proscription against filing successive rule 3.800(a) motions. See Burnsed v. State, 761 So.2d 1139 (Fla. 2d DCA 2000). However, a defendant is not entitled to successive review on a rule 3.800(a) motion of a specific issue which has already been decided against him. See Price v. State, 692 So.2d 971 (Fla. 2d DCA 1997). Nevertheless, *780 Fuston is correct that his prior rule 3.850 motion makes no mention that the trial court failed to provide written reasons for imposing a departure sentence. The issue raised in Fuston's rule 3.800 motion therefore technically is not the "specific issue" raised in his rule 3.850 motion. The trial court accordingly erred in denying his rule 3.800 motion as being successive.
This normally would require reversal. However, in the interest of judicial economy, we affirm because Fuston's underlying claim is without substantive merit. See Burnsed. Fuston was sentenced as a habitual violent felony offender in 1993. In 1988, the habitual offender statute was amended to exempt it from the guidelines. See Strickland v. State, 596 So.2d 1155, 1156 (Fla. 2d DCA 1992); see also § 775.084(4)(e) ("A sentence imposed under this section is not subject to s. 921.001."). Hence, the fact that Fuston's habitual offender sentence exceeds the guidelines and the trial court gave no written reasons for that does not render his sentence illegal.
Moreover, in Davis v. State, 661 So.2d 1193 (Fla.1995), the supreme court concluded that a departure sentence without written reasons, but within the maximum period provided by law for the offense, does not amount to an "illegal" sentence as defined by rule 3.800(a). Subsequently, in State v. Mancino, 714 So.2d 429, 433 (Fla. 1998), the supreme court explained that an illegal sentence is not only one which exceeds the statutory maximum, but is also one which "patently fails to comport with statutory or constitutional limitations."
Fuston's sentence is not illegal under these authorities. According to Fuston's own motion, he pleaded nolo contendere to burglary of an occupied building. If no aggravating factors were present, that offense constitutes a second-degree felony. See § 810.02(3)(c), Fla. Stat. (1993). Under section 775.084(4)(b)(2), Florida Statutes (1993), Fuston could be sentenced as a habitual violent felony offender to thirty years in prison for the offense. Since his sentence falls within this statutory maximum, and does not otherwise patently fail to comport with statutory or constitutional limitations, it is not illegal for purposes of rule 3.800(a).
Affirmed.
THREADGILL, A.C.J., and FULMER and DAVIS, JJ., Concur.