PER CURIAM.
This is an appeal from the partial denial of a motion to correct illegal sentence in lower court case number 99-993. In that case, Gonzalez was convicted of burglary of an unoccupied dwelling (Count I) and grand theft, third degree (Count II). Pursuant to a plea, which involved other cases as well, Gonzalez was sentenced on Count I to thirty years, with a ten year minimum mandatory as a habitual violent offender (“HVO”), and with a fifteen year minimum mandatory as a Prison Releasee Reoffen-der (“PRR”). On Count II, Gonzalez was sentenced to five years as an HVO and to fifteen years minimum mandatory as a PRR. The sentences on Count II were to run consecutive with the sentences on Count I; the PRR sentence on Count II was to run concurrent with a PRR sentence in another case (99-766) for which Gonzalez was being sentenced that same day.
Gonzalez subsequently challenged the propriety of the PRR sentences on both Counts I and II, claiming, as the State concedes, that neither offense was among those enumerated as qualifying offenses in section 775.082(9)(a), Florida Statutes (Supp.1998). Review of the record confirms that the trial court, again as the State concedes, intended to strike the PRR designation and the minimum mandatory sentences imposed on both Count I and Count II, but that as a consequence of the confusion over other cases on which Gonzalez had been sentenced, entered a written order striking the PRR designation and sentence only from Count I.
Since grand theft, third degree, is not a qualifying offense for PRR purposes, and since a “written sentencing order must conform to the trial court’s oral pronounce *848 ment of sentence,” the order under review must be reversed and remanded for deletion of the PRR sentence and concomitant minimum mandatory term as to Count II. See Brimage v. State, 745 So.2d 340 (Fla. 3d DCA 1999).[1]

. This resolution makes it unnecessary to address the remainder of Gonzalez' arguments. We also decline (without prejudice) Gonzalez’ invitation to rule on the legality of the sentences imposed in ten other cases since the propriety of those sentences was not raised below.