931 So.2d 1000 (2006)
Ladell M. PLEASURE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-781.
District Court of Appeal of Florida, Third District.
June 7, 2006.
*1001 Ladell M. Pleasure, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
COPE, C.J.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.800(a). We reverse.
Ladell M. Pleasure filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). The trial court denied the motion for successiveness. The court stated, in part, "The motion is successive pursuant to [Florida Rule of Criminal Procedure] 3.800 in that the defendant has previously filed a 3.800 pleading (denied ... in 2004). The current grounds alleged are similar to those previously raised and were available to allege in the previously filed motion."
In so saying, the trial court applied the wrong legal standard. As the Florida Supreme Court has explained, Rule 3.800 allows successive motions. "Rule 3.800... allows a court to correct an illegal sentence `at any time.' Florida courts have held, and we agree, that the phrase `at any time' allows defendants to file successive motions under rule 3.800." State v. McBride, 848 So.2d 287, 290 (Fla.2003) (citations omitted). That is so because the text of Rule 3.800(a) does not contain any provision barring successive motions.[1] Thus the trial court was incorrect in applying a successiveness bar to the defendant's motion.
Instead, in the case of a second or subsequent Rule 3.800(a) motion, the question is whether the subsequent motion is barred by the doctrine of collateral estoppel. Collateral estoppel applies when "the identical issue has been litigated between the same parties or their privies." State v. McBride, 848 So.2d at 290-91 *1002 (citation and internal quotation marks omitted). For the bar of collateral estoppel to apply, the prior decision must have been on the merits. See id.[2]
Thus on remand, the questions for the trial court are whether the defendant's current Rule 3.800(a) motion raises the identical issue as the previous motion, and whether the previous motion was decided on the merits. If that turns out to be so, then the trial court's order denying the current Rule 3.800(a) motion should include as attachments the prior order denying relief plus the defendant's prior Rule 3.800(a) motion. Only by including those attachments will the record conclusively show that the defendant's current motion is barred by collateral estoppel. See Fla. R.App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.").
Alternatively, if a review of the prior motion, order, and related documents shows that the current claim is not identical to the claim previously decided, then the trial court will need to proceed to a consideration of the merits of the current Rule 3.800(a) motion.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] By contrast, Rule 3.850 contains a specific provision which bars certain successive 3.850 motions. See Fla. R.Crim. P. 3.850(f).
[2] If there was a prior decision on the merits and an affirmance on appeal, then the law of the case doctrine would also come into play. See id. at 289-90; Swain v. State, 911 So.2d 140, 143-44 (Fla. 3d DCA 2005), rev. denied, No. SC05-2071, 929 So.2d 1054 (Fla. April 10, 2006).