933 So.2d 1262 (2006)
Johnny BLIDGE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1067.
District Court of Appeal of Florida, Third District.
July 26, 2006.
Johnny Blidge, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before FLETCHER, RAMIREZ, and SHEPHERD, JJ.
PER CURIAM.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.800(a). We reverse.
The order states that the defendant's motion is successive in that it raises issues which could or should have been raised in prior post-conviction relief motions. We note that there is no proscription against filing successive rule 3.800(a) motions. As discussed in Pleasure v. State, 931 So.2d 1000 (Fla. 3d DCA 2006):
"[I]n the case of a second or subsequent Rule 3.800(a) motion, the question *1263 is whether the subsequent motion is barred by the doctrine of collateral estoppel. Collateral estoppel applies when `the identical issue has been litigated between the same parties or their privies.' For the bar of collateral estoppel to apply, the prior decision must have been on the merits.
Thus on remand, the questions for the trial court are whether the defendant's current Rule 3.800(a) motion raises the identical issue as the previous motion, and whether the previous motion was decided on the merits. If that turns out to be so, then the trial court's order denying the current Rule 3.800(a) motion should include as attachments the prior order denying relief plus the defendant's prior Rule 3.800(a) motion. Only by including those attachments will the record conclusively show that the defendant's current motion is barred by collateral estoppel.
Alternatively, if a review of the prior motion, order, and related documents shows that the current claim is not identical to the claim previously decided, then the trial court will need to proceed to a consideration of the merits of the current Rule 3.800(a) motion." [citations and footnotes omitted].
Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings or for the attachment of record excerpts conclusively showing that the appellant is not entitled to any relief.
Reversed and remanded for further proceedings.