995 So.2d 1128 (2008)
James C. HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2353.
District Court of Appeal of Florida, Fourth District.
December 3, 2008.
James C. Harris, Moore Haven, pro se.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
James C. Harris appeals the denial of a motion filed under rule 3.850 or 3.800(a), which sought to correct his written sentence on Count V to conform to the court's oral pronouncement at sentencing in April 1997. The trial court construed this as a rule 3.800(a) motion and agreed with the state that the motion is procedurally barred because appellant raised the same issue in two previous 3.800(a) motions, which were denied and affirmed on appeal.
At the time, this court had held that this type of sentencing error could not be raised in a rule 3.800(a) motion. Campbell v. State, 718 So.2d 886 (Fla. 4th DCA 1998). The other district courts disagreed, and the conflict was resolved in favor of the other districts. Williams v. State, 957 So.2d 600 (Fla.2007). After the supreme court issued its decision in Williams, holding that a discrepancy between the oral and written sentence is an illegal sentence that can be raised in a 3.800(a) motion, Harris raised this claim for a third time. The state argued in response that this *1129 motion is barred by collateral estoppel and the trial court agreed. See State v. McBride, 848 So.2d 287 (Fla.2003).
The state argues that this issue was considered on the merits when the court ruled on a motion to clarify sentence in October 1998. The trial court did not construe the motion to clarify as a motion to correct an illegal sentence and nothing in the record reflects that appellant raised this claim in his motion to clarify.
Collateral estoppel bars re-litigation of the same issue only if the prior decision was on the merits. Pleasure v. State, 931 So.2d 1000, 1002 (Fla. 3d DCA 2006); see also Kelly v. State, 739 So.2d 1164 (Fla. 5th DCA 1999) (recognizing that the law of the case doctrine does not bar a successive 3.800(a) motion if the previous motion was denied on procedural grounds). In Pleasure, the Third District reversed an order denying a rule 3.800(a) motion as successive and explained that on remand if the court determines the defendant's current 3.800(a) motion is barred by collateral estoppel, the court must attach the prior 3.800(a) motion raising the same issue and the prior order denying relief. "Only by including those attachments will the record conclusively show that the defendant's current motion is barred by collateral estoppel." Pleasure, 931 So.2d at 1002. In this case, the record does not show that this sentencing error was ever considered on the merits.
On appeal, the state acknowledges that the sentencing transcript shows that the court orally sentenced Harris to time served on count V, but the written sentence states that he received twenty years in prison as a habitual offender. The state argues that the clarification of the sentence in October 1998 shows that Harris received a twenty-year sentence on this count. However, the oral sentence is controlling, and the trial court did not have authority to amend the sentence in October 1998, more than a year after the sentence was imposed. See Wilson v. State, 773 So.2d 113 (Fla. 4th DCA 2000).
Because the record does not show that this claim of an illegal sentence was ever considered on the merits, the trial court's order denying the rule 3.800(a) motion is reversed and the case is remanded for reconsideration of Harris's motion.
Reversed and Remanded.
STEVENSON, GROSS and TAYLOR, JJ., concur.