PER CURIAM.
This is an appeal of an order summarily denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Because the motion was filed within two years after the issuance of the mandate in Key v. State, 990 So.2d 529 (Fla. 3d DCA 2008), it could also be viewed as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.
In the motion, defendant-appellant Key contends that the charging document and verdict form do not support a conviction under subsection 794.011(3), Florida Statutes (1995), for armed sexual battery. For counts one, two, and three, the jury checked a box on the verdict form finding the defendant “GUILTY of Sexual Battery while armed with a deadly weapon or in the process used physical force likely to cause serious injury[.]” The jury did not check a box stating that “the deadly weapon used was a firearm[.]”
The defendant argues that on counts one through three he was charged with possessing a firearm or destructive device during the sexual battery. He points out that the charging document did not contain an allegation that he used “actual physical force likely to cause serious personal injury....” § 794.011(3), Fla. Stat. (2005). He maintains that his offense must be reduced to the lesser included offense of sexual battery under subsection 794.011(5), Florida Statutes (2005).
We have taken judicial notice of the defendant’s file in his direct appeal. The identical issue was raised in the defendant’s initial brief and the motion for rehearing. We did not address the issue in the panel opinion, but we denied the motion for rehearing by unpublished order, stating, “The motion for rehearing is denied on the merits on authority of the controlling and indistinguishable case of DuBoise v. State, 520 So.2d 260, 264-65 *1114 (Fla.1988).” As the issue has already been decided, we affirm the order now before us.
Affirmed.