SUAREZ, J.
Osvaldo Garcia appeals from the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800. We reverse.
Garcia alleged below that he was sentenced illegally to consecutive minimum mandatory sentences for firearm use arising out of a single criminal episode.[1] In 1999, Garcia raised this illegal sentencing issue in a petition mislabeled and filed as a Florida Rule of Criminal Procedure 3.850 petition, but the trial court denied the *1004 claim as legally insufficient and treated it as untimely filed under rule 8.850. This was not a determination on the merits under either rule 3.800 or 8.850. Garcia apparently did not appeal from that order.
Rule 3.800, however, allows a court to correct an illegal sentence “at any time.” Florida courts have held that the phrase “at any time” allows defendants to file successive motions under rule 3.800. See Davis v. State, 26 So.3d 647 (Fla. 2d DCA 2010); Raley v. State, 675 So.2d 170, 173 (Fla. 5th DCA 1996); Barnes v. State, 661 So.2d 71, 71 (Fla. 2d DCA 1995). While rule 3.800(a) does not prohibit successive motions, a defendant is not entitled to successive review of a specific issue that already has been decided on the merits. See State v. McBride, 848 So.2d 287, 291 (Fla.2003); Fuston v. State, 764 So.2d 779 (Fla. 2d DCA 2000). Although Garcia raised his claim of illegal mandatory minimum stacking in a previous postconviction motion, the claim was not addressed or resolved on the merits and it is therefore not “successive.”
The current order on appeal, however, suggested that the claim may be successive and that Garcia admitted to this in his current petition. The trial court then denied relief based on collateral estoppel. The record, however, does not indicate if the issue was ever considered and decided on its merits. See Pleasure v. State, 931 So.2d 1000, 1002 (Fla. 3d DCA 2006) (“For the bar of collateral estoppel to apply, the prior decision must have been on the merits.”); Williams v. State, 868 So.2d 1234, 1235 (Fla. 1st DCA 2004) (“[T]he trial court erred in denying the appellant’s claim as being barred by collateral estoppel as it is not clear from the record before this Court that the instant claims have ever been decided on the merits.”). Thus, collateral estoppel does not bar the appellant from challenging the stacking of mandatory mínimums that, without more record, appear to have been imposed for crimes arising out of a single episode.[2]
We reverse and remand for the trial court to either correct Garcia’s sentences to reflect concurrent minimum mandatory sentences for the firearm offense, or to attach a record that conclusively refutes Garcia’s claim that the stacked minimum mandatory sentences are illegal and/or result in manifest injustice.[3]
Reversed and remanded for further proceedings.

. The general rule is that the imposition of consecutive minimum mandatory sentences under section 775.087(2), Florida Statutes (2008), is improper where the offenses occurred during a single criminal episode. This *1004 rule holds unless the defendant discharges the firearm and injures multiple victims or causes multiple injuries to one victim, which does not appear to be the case here.

. This is consistent with the application of rule 3.800 across the Districts. See, e.g., Smith v. State, 685 So.2d 912, 912 (Fla. 5th DCA 1996) ("[Wjhile it may be correct that rule 3.800 do.es not prohibit successive motions, we hold that where, as here, a defendant raises an issue under rule 3.800, the lower court denies relief and the defendant fails to appeal, he may not later raise the same issue in another rule 3.800 motion”); accord Tisdol v. State, 823 So.2d 300, 301 (Fla. 3d DCA 2002); see also Jenkins v. State, 749 So.2d 527, 528 (Fla. 1st DCA 1999) (noting that a defendant may not raise the same illegal sentencing issue in successive postcon-viction motions); Price v. State, 692 So.2d 971, 971 (Fla. 2d DCA 1997) (noting that rule 3.800 "contains no proscription against the filing of successive motions” but that "a defendant is not entitled to successive review of a specific issue which has already been decided against him ”). In barring the filing of successive repetitive 3.800 motions, these courts essentially have applied collateral es-toppel principles, but every indication is that the prior ruling was on the merits, and not a summary denial of relief.

. State v. McBride, 848 So.2d 287 (Fla.2003).