PER CURIAM.
 

 Kevin D. Harvey appeals from the summary denial of his Florida Rule of Criminal Procedure 3.800 motion to correct an illegal sentence. We reverse.
 

 After a jury trial, defendant was convicted of one count of attempted first degree murder, four counts of robbery with a firearm, and one count of aggravated assault. On October 25, 1989, the trial court sentenced defendant to fifteen years in prison, with three years mandatory, for the attempted murder, and life terms for each robbery count, with consecutive three years mandatory on each life term. This Court affirmed the judgment on direct appeal.
 
 Harvey v. State,
 
 575 So.2d 663 (Fla. 3d DCA 1991).
 

 Thereafter, defendant moved for post-conviction relief under Florida Rule of Criminal Procedure 3.850, alleging, among others contentions, that the consecutive mandatory terms on the four robbery counts were an illegal sentence. The trial court summarily denied defendant’s motion and defendant appealed to this Court. For unknown reasons, this Court dismissed the appeal. Since then, defendant has filed and appealed numerous post-conviction motions, none of which raised the sentencing error. Recently, defendant filed a Rule 3.800 motion to correct the illegal sentence, and the trial court denied the motion on the ground that the error should have been raised on direct appeal. This recent filing is the subject of the current appeal.
 

 It is well settled that a postcon-viction claim of an illegal sentence may be raised at any time, see Fla. R. Crim. P. 3.800(a), although collateral estoppel may bar successive motions for post-conviction relief raising the same issue.
 
 See State v. McBride,
 
 848 So.2d 287, 291 (Fla.2003). The collateral estoppel bar, however, only applies when the identical issue is raised in a prior motion and the issue is decided on the merits.
 
 Pleasure v. State,
 
 931 So.2d 1000, 1002 (Fla. 3d DCA 2006). Because defendant’s prior post-conviction claim of an illegal sentence was not decided on the merits, defendant’s claim is not collaterally estopped. Additionally, defendant was not required to raise the illegal sentencing claim in his direct appeal first.
 
 See Bedford v. State,
 
 633 So.2d 13, 14 (Fla.1994) (holding that illegal sentence may be corrected even after it is erroneously affirmed on appeal).
 

 Accordingly, we reverse the trial court’s summary denial of defendant’s Rule 3.800 motion, and remand for the trial court to decide the motion on the merits.
 

 Reversed and remanded.