PER CURIAM.
This is an appeal from an order denying a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court’s order denied the motion on the basis that it was procedurally barred. The order stated, in part:
The Court, being fully advised in the premises, finds that the defendant filed a notice of appeal from the original judgment and sentence, two motions for post-conviction relief and a motion to correct sentencing error. This Court has denied all prior claims and the rulings have been upheld on appeal. Defendant is barred from re-litigating this claim.
Collateral estoppel bars a party from re-litigating an identical claim that has been previously decided on the merits. See State v. McBride, 848 So.2d 287, 290 (Fla.2003). Here, the order on appeal does not indicate whether Appellant’s current Rule 3.800(a) motion raises claims identical to those previously litigated by Appellant or whether those prior claims were decided on the merits. Because the record * does not show conclusively that Appellant is entitled to no relief, we must reverse the order on appeal and remand for further proceedings. See Fla. R.App. P. 9.141(b)(2)(D); Pleasure v. State, 931 So.2d 1000 (Fla. 3d DCA 2006).
Reversed and remanded for further proceedings.
DAVIS and RAY, JJ., concur; THOMAS, J. Dissents with Opinion.

 The record on appeal is limited to "the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.” Fla. R.App. P. 9.141(b)(2)(A). As noted by the State, neither party is permitted to supplement the record on appeal with other documentation attempting to support or challenge the order denying relief.