THOMAS, J.,
Dissenting.
I respectfully dissent. In my view, it is not necessary to remand to require the trial court to attach Appellant’s previous motion to prove that it correctly denied the current motion on the basis of collateral estoppel. We should hold that it is Appellant’s burden to attach his previous motion, as it the losing party’s burden to demonstrate reversible error in the trial court’s ruling, and the State is the prevailing party. Furthermore, the Florida Supreme Court has recently held that it is not the burden of this court, the trial court, or the State to disprove Appellant’s stale claim filed under Florida Rule of Criminal Procedure 3.800, where he has failed to provide adequate documentation at trial to support his argument that his agreed-upon sentences are illegal. Johnson v. State, 60 So.3d 1045, 1051 (Fla.2011) (“The State has no obligation to refute a defendant’s claim raised under rule 3.800(a). On the contrary, ‘the burden [is on] the petitioner to demonstrate an enti *467 tlement to relief on the face of the record.’ ” (citation omitted)). Thus, I would not follow the rationale of the Third District in Pleasure v. State, 931 So.2d 1000 (Fla. 3d DCA 2006).
A trial court’s ruling is presumed correct. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Although this principle is not always recognized in collateral cases, in my view it should be, as it is the controlling law. While I understand and recognize the rule regarding the trial court’s obligation to attach records to support summary denials in claims regarding ineffective assistance of counsel filed under Florida Rule of Criminal Procedure 3.850, that same principle is not binding on trial courts when summarily denying claims filed under Florida Rule of Criminal Procedure 3.800(a), as relief is available under this latter rule only where a defendant can show an entitlement to relief based on the records alone. I agree with the State that this court should not remand, where Appellant has failed to provide an adequate record establishing an entitlement to relief, which is his burden under section 924.33, Florida Statutes.
I would affirm the trial court’s order on appeal.