IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIE JAMES JONES,

     Appellant,

v.                                          Case No. 5D16-1678

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed July 29, 2016

3.800 Appeal from the Circuit Court
for Lake County,
Lawrence J. Semento, Judge.

Willie James Jones, Daytona Beach,
pro se.

No Appearance for Appellee.

LAMBERT, J.

Willie James Jones appeals an order summarily denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) and denying his amended petition for writ of habeas corpus. The postconviction court determined that the motion and the amended petition alleged the same grounds for relief and were untimely and successive. The court also held that Jones had raised the same grounds

for relief on prior occasions and that relief had been denied. Because the denial order is not accompanied by a copy of the court records necessary to support the court's ruling, we reverse.[1]

Initially, we note that the court applied the wrong standard when denying the motion as untimely and successive. Rule 3.800(a) provides that a motion to correct an illegal sentence may be filed "at any time." Fla. R. Crim P. 3.800(a). Moreover, there is no prohibition against a defendant filing successive motions under rule 3.800(a). *State v. McBride*, 848 So. 2d 287, 290 (Fla. 2003) (citations omitted). Rule 3.800(a)(2) allows a court to dismiss a second or successive motion if it finds that the motion fails to allege new or different grounds for relief and the prior determination was on the merits. Fla. R. Crim. P. 3.800(a)(2). If "a motion is dismissed under this subdivision, a copy of that portion of the files and records necessary to support the court's ruling must accompany the order dismissing the motion." *Id.*

In the present case, no portions of the court file or court records were attached to the denial order. Accordingly, we reverse the order under review and remand for further proceedings. If the postconviction court thereafter dismisses the motion as successive under rule 3.800(a)(2), then it must make the required findings in its order and attach to its order copies of the necessary court records to support its dismissal. Alternatively,

---

[1] In an amended motion for rehearing filed below, Jones represented that his amended petition for writ of habeas corpus was dismissed by a different circuit judge and is therefore "moot." We agree that a different judge ruled on the amended petition for writ of habeas corpus and Jones is not contesting the dismissal in the instant appeal. Therefore, our analysis will be limited to the postconviction court's denial of the rule 3.800(a) motion.

upon review, if the court finds that the current motion alleges new or different grounds for relief not previously decided, then the court should consider the merits of the motion.

REVERSED and REMANDED for further proceedings consistent with this opinion.

TORPY and WALLIS, JJ., concur.