# Third District Court of Appeal

## State of Florida

Opinion filed October 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2986
Lower Tribunal No. 99-993
_____

**Mario Gonzalez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, William L. Thomas, Judge.

Mario Gonzalez, in proper person.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA, and SCALES, JJ.

LAGOA, J.

Mario Gonzalez ("Gonzalez") appeals from the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal

Procedure 3.800 and from the trial court's subsequent order denying his motion for rehearing. Because Gonzalez's claim of a double jeopardy violation was not successive, we reverse with directions for the trial court to consider the double jeopardy claim on the merits.

I.    FACTUAL AND PROCEDURAL HISTORY

On June 28, 2000, Gonzalez entered into a global plea to resolve eleven different cases pending against him involving charges of burglary, robbery, and grand theft. In case number 99-1668, on a charge of strong-arm robbery, Gonzalez was sentenced to thirty years with a ten year minimum mandatory sentence as a habitual violent offender ("HVO") and to a concurrent fifteen year minimum mandatory sentence as a prison releasee reoffender ("PRR").

In case number 99-993, Gonzalez was sentenced on two counts—count I (burglary of an unoccupied dwelling), and count II (grand theft). As to count I, Gonzalez was sentenced to thirty years with a ten year minimum mandatory sentence as an HVO, and a minimum mandatory sentence of fifteen years as a PRR. This sentence was concurrent to Gonzalez's other sentences under the global plea. As to count II, Gonzalez was sentenced to five years as a HVO and a PRR. The sentence under Count II stated that it was "**CONSECUTIVE TO ALL OTHER SENTENCES ON ALL OTHER CHARGES IN ALL OTHER**

2

**CASES, including the thirty year sentence on the burglary charge in F99-993.**"

In the remaining nine cases, in which the charges were all robbery, Gonzalez was sentenced to thirty years with a ten year minimum mandatory sentence as a HVO, and to a minimum mandatory sentence of fifteen years as a PRR. These sentences were concurrent to Gonzalez's other sentences with the exception of the five year sentence on the charge of grand theft (Count II) in case number 99-993.

A.    First Motion to Correct Illegal Sentence

On July 30, 2001, Gonzalez filed his first motion to correct illegal sentence in case number 99-993. He made several assertions: 1) the Prison Release Reoffender Act (the "PRR Act") is not applicable to convictions for burglary of an unoccupied dwelling and for grand theft; 2) concurrent five-year sentences as a PRR and as an HVO for the single offense of grand theft violated the PRR Act and the trial court lacked authority to sentence a defendant to an equal sentence under the HVO statute; and 3) relying on Hale v. State, 630 So. 2d 521 (Fla. 1993), consecutive habitual offender sentences were improperly imposed, given that the burglary and grand theft offenses arose out of single episode. The trial court entered an order deleting Gonzalez's PRR status and the minimum mandatory term for a PRR on count I (burglary of an unoccupied dwelling), but did not change Gonzalez's status or his sentence for count II (grand theft).

3

Gonzalez subsequently appealed to this Court. See Gonzalez v. State, 854 So. 2d 847 (Fla. 3d DCA 2003) ("Gonzalez I"). His initial brief included his argument under Hale, but Gonzalez subsequently filed an amended initial brief withdrawing that argument. In Gonzalez I, this Court concluded that the trial court intended to strike the PRR designation and the minimum mandatory sentences on both count I and count II, and "reversed and remanded for deletion of the PRR sentence and concomitant minimum mandatory term as to Count II." Id. at 848.

Relevant here, Gonzalez claims that on remand from this Court's opinion in Gonzalez I, the trial court

> entered an amended re-sentencing order. As a component of the lower court's order, rendered on October 28, 2003, the trial court ordered that count 2 of case number F99-993 was to run **concurrent** not only to count I of this same case, but also concurrent with all other counts in all other cases.

(emphasis added). The 2003 amended sentencing order, however, is not part of the record before this Court.

B.     Second Motion to Correct Illegal Sentence

On March 1, 2013, Gonzalez filed his second motion to correct illegal sentence regarding case number 99-993. The trial court entered an order partially granting and partially denying this second motion to correct illegal sentence:

> As to case number 99-993, the Clerk of the Court is hereby directed to prepare amended sentencing document that delete any reference to the defendant being

4

sentenced as a prison release reoffender. The amended sentence should specify that the defendant is sentenced as a habitual violent felony offender to 30 years on count I, with a 10 year minimum mandatory sentence and as to Count II is sentenced to a **consecutive 5 years** in prison as a habitual violent felony offender. These sentences are to run concurrent with any other sentences the defendant is serving. As to all other cases, the defendant's Motion is denied.

(emphasis added).

On May 21, 2013, the trial court, effectuating its earlier ruling on Gonzalez's motion, entered an order correcting Gonzalez's sentence in case number 99-993 as follows:

THE SENTENCE AS TO COUNT 2 RUNS **CONSECUTIVE** TO THE SENTENCE SET FORTH AS TO COUNT 1 IN THE ABOVE STYLED CAUSE. FURTHER, THE SENTENCES IN THE ABOVE STYLED CAUSE RUNS CONCURRENT WITH OTHER SENTENCES THE DEFENDANT IS SERVING.

(emphasis added).

Gonzalez appealed to this Court, but did not submit an initial brief. This Court affirmed the trial court. See Gonzalez v. State, 129 So. 3d 1077 (Fla. 3d DCA 2013) (table) ("Gonzalez II").

Gonzalez subsequently filed a motion for rehearing before this Court, raising an argument not presented to the trial court in his second motion to correct illegal sentence—that the trial court's order of May 21, 2013, "resulted in a violation of Gonzalez's Constitutional right against double jeopardy, when the court ran count

5

II of case number F99-993 consecutive to count I of that case." Acknowledging the limited scope of argument permitted in a motion for rehearing and claiming a constitutional violation for the first time on rehearing is generally impermissible, Gonzalez explained that on August 28, 2013, one week after this Court's affirmance in Gonzalez II, he received an "Interoffice Memorandum" from a correctional sentence specialist with the Department of Corrections, stating that his temporary release date had changed from September 25, 2025, to April 4, 2029, based upon the lower court's May 21, 2013 order. Gonzalez attached a copy of the letter to his motion for rehearing.

In his motion for rehearing, Gonzalez argued that the lower court "violated his Fifth Amendment right against double jeopardy when it amended his sentence on May 21, 2013, to run count II of case number F99-993 consecutive to count I of that case, where the court had previously amended his sentence in 2003 that ran count II 'concurrent' with both count I and all other counts and cases." For the first time, Gonzalez explained that he was informed of the 2003 amended sentencing order in a November 19, 2003, letter from his then-appellate counsel, and that he was never furnished with a copy of the 2003 amended sentencing order. Gonzalez attached a copy of the letter to his motion for rehearing. The letter from Gonzalez's attorney states that on October 28, 2003, the trial court vacated Gonzalez's previous sentence on count II in case number 99-993, and entered a

6

new sentence of five years as an HVO. The letter also states that the sentence is concurrent with the sentence on count I, and concurrent with all of the other sentences he is serving.

On December 24, 2013, this Court denied Gonzalez's motion for rehearing, in an unelaborated order.

### C.      Third Motion to Correct Illegal Sentence

On August 8, 2014, Gonzalez filed the instant motion to correct illegal sentence. Gonzalez made two assertions: 1) his constitutional right against double jeopardy was violated when the court amended his sentence running count I of case number 99-993 consecutive to count II, where these two counts had previously been run concurrent with one another and with all other cases, thereby resulting in an illegal sentence; and 2) relying on Grant v. State, 770 So. 2d 655 (Fla. 2000), that his HVO sentences are illegal because all imposed mandatory minimum terms which were shorter than the PRR sentences.

On September 30, 2014, the trial court denied the motion, stating that "[t]he defendant's claim was denied on direct appeal, and is successive in nature."[1] Gonzalez filed a motion for rehearing, arguing that his double jeopardy claim was not successive because it was first raised in his motion for rehearing in Gonzalez

_____

[1] As the State points out in its response to this Court, the trial court incorrectly stated that Gonzalez's claim was denied on direct appeal — Gonzalez has never pursued a direct appeal.

7

II, which was not a procedurally proper method by which to raise the issue, and that this Court denied that motion for rehearing without addressing the merits. Gonzalez also asserted an issue not raised in his underlying motion—that pursuant to Hale, 630 So. 2d at 521, "where crimes occur in a single criminal episode and one or both counts have been increased by HO enhancement, it is a manifest injustice to impose the sentences to run consecutively."

On November 14, 2014, the trial court denied Gonzalez's motion for rehearing, and granted his motion for belated appeal of the order denying his motion to correct illegal sentence entered on September 30, 2014. Gonzalez filed the present appeal, and filed an initial brief.

II.    ANALYSIS

Gonzalez's sole argument on appeal is that the trial court erred in denying ground one of his motion to correct illegal sentence as successive in nature, i.e., his double jeopardy claim.[2] Because the record does not conclusively establish that Gonzalez's double jeopardy claim has been previously decided on the merits, Gonzalez's argument has merit.

---

[2] In his initial brief, Gonzalez did not raise ground two (the Grant issue) of his motion, and in his motion for rehearing, Gonzalez stated that he "will not pursue the issue on appeal." Under these circumstances, the issue is deemed abandoned. See McClellion v. State, 186 So. 3d 1129, 1131 n.1 (Fla. 4th DCA 2016); Prince v. State, 40 So. 3d 11 (Fla. 4th DCA 2010).

8

As explained above, Gonzalez argues that the trial court's May 21, 2013, order violated his constitutional protection against double jeopardy by running count II consecutive to count I in case number 99-993, when the trial court had previously, in 2003, amended and reduced his sentence to run count II concurrent with count I and all other counts and cases. Gonzalez claims that jeopardy attached to the 2003 reduction to his sentence because the State did not appeal that sentence, giving him an expectation that the 2003 sentence was final. Moreover, he had been serving the reduced sentence for nearly ten years before it was increased.

In its response, the State argues that the trial court correctly denied Gonzalez's double jeopardy claim because Gonzalez raised the exact issue in his motion for rehearing before this Court in Gonzalez II, and that this Court should dismiss Gonzalez's appeal under the law of the case doctrine because this Court already rejected the double jeopardy claim on the merits when we denied Gonzalez's motion for rehearing in Gonzalez II. Contrary to the State's argument, however, the issue of double jeopardy has never been decided on the merits by this Court.

While Florida Rule of Criminal Procedure 3.800(a) does not prohibit the filing of successive motions, the doctrine of collateral estoppel precludes successive review of a specific issue that already has been decided on the merits.

9

See State v. McBride, 848 So. 2d 287, 291 (Fla. 2003) ("In barring the filing of successive *repetitive* 3.800 motions . . . courts essentially have applied collateral estoppel principles."); see also Harvey v. State, 78 So. 3d 11, 12 (Fla. 3d DCA 2011) ("The collateral estoppel bar, however, only applies when the identical issue is raised in a prior motion and the issue is decided on the merits."); accord Garcia v. State, 69 So. 3d 1003 (Fla. 3d DCA 2011); Pleasure v. State, 931 So. 2d 1000 (Fla. 3d DCA 2006). The issue, however, must have been considered and decided on the merits. For that reason, the doctrine of collateral estoppel does not apply to bar a defendant from seeking relief when the issue presented has never been considered and decided on the merits. See Pleasure, 931 So. 2d at 1002 ("For the bar of collateral estoppel to apply, the prior decision must have been on the merits."); Williams v. State, 868 So. 2d 1234, 1235 (Fla. 1st DCA 2004) ("[T]he trial court erred in denying the appellant's claim as being barred by the doctrine of collateral estoppel as it is not clear from the record before this Court that the instant claim has ever been decided on the merits.").

Similarly, "[i]f there was a prior decision on the merits and an affirmance on appeal, then the law of the case doctrine would also come into play." 931 So. 2d at 1002 n.2; accord McBride, 848 So. 2d at 289-90 (stating that the law of the case doctrine applies to motions filed under Rule 3.800); Swain v. State, 911 So. 2d 140, 144 (Fla. 3d DCA 2005) ("As this appeal is based upon the trial court's denial

10

of the same claims previously raised by the defendant and affirmed on appeal on the merits, the law of the case doctrine serves as a procedural bar herein.").

Here, although Gonzalez raised the identical double jeopardy claim in his motion for rehearing before this Court in Gonzalez II, our denial of that motion cannot be considered a decision on the merits. In Gonzalez II, Gonzalez did not submit an initial brief to this Court. After this Court affirmed, Gonzalez then filed a motion for rehearing, raising the double jeopardy argument for the first time. Because Gonzalez did not raise the double jeopardy issue before the trial court in his second motion to correct illegal sentence, nor in his appeal from the denial of that motion (having not filed a brief), the issue was not properly before us on rehearing in Gonzalez II. See Padilla v. State, 905 So. 2d 248 (Fla. 3d DCA 2005) (concluding that issue was not properly before this Court on motion for rehearing where defendant did not raise issue in motion to correct illegal sentence below or on appeal). Indeed, "[a] new issue raised for the first time in a motion for rehearing is improper under Rule 9.330, and this Court will not entertain this new argument on rehearing. Cleveland [v. State, 887 So. 2d 362, 364 (Fla. 5th DCA 2004)], ("No new ground or position may be assumed in a petition for rehearing. . . . This court need not entertain new argument or consider additional authority cited in support thereof.")." Rolling v. State, No. 3D15-66, slip op. 2 (Fla. 3d DCA Aug. 17, 2016) (on rehearing).

11

Moreover, under these circumstances, this Court's denial in an unelaborated order cannot be considered a decision on the merits. Compare Key v. State, 13 So. 3d 1113 (Fla. 3d DCA 2009) (affirming summary denial of 3.800(a) motion where issue had already been decided in unpublished order denying motion for rehearing "on the merits"), with Plasencia v. State, 170 So. 3d 865 (Fla. 2d DCA 2015) (finding that where, in prior direct appeal, defendant raised new issue in motion for rehearing and prior panel denied motion without discussion, current panel could not determine whether motion for rehearing was denied on procedural grounds or on the merits).

Because the issue of Gonzalez's double jeopardy claim has never been decided on the merits on appeal, the law of the case doctrine does not apply to procedurally bar Gonzalez from litigating the issue below. Similarly, because Gonzalez did not raise the issue in any of his prior two motions to correct illegal sentence, the issue is also not barred by the doctrine of collateral estoppel.

Gonzalez also argues that his sentence is illegal under Hale, 630 So. 2d at 521. Gonzalez did not raise this argument before the trial court in his motion to correct illegal sentence but only in his motion for rehearing, which the trial court denied. The trial court's denial of the motion for rehearing on the Hale issue was correct, as Gonzalez presented the same issue to the trial court in his first motion to correct illegal sentence, which was granted on other grounds, and then specifically

12

withdrew the issue in his amended initial brief to this Court in <u>Gonzalez I</u>. As a result, the trial court properly denied the motion for rehearing as to this issue. <u>See</u> <u>McBride</u>, 848 So. 2d at 291 (stating that collateral estoppel precludes a defendant from rearguing in a successive 3.800 motion the same issue argued in a prior motion); <u>see also</u> <u>Smith v. State</u>, 685 So. 2d 912, 912 (Fla. 5th DCA 1996) ("While it may be correct that Rule 3.800 does not prohibit successive motions, we hold that where, as here, a defendant raises an issue under Rule 3.800, the lower court denies relief and the defendant fails to appeal, he may not later raise the same issue in another Rule 3.800 motion.").

Finally, the State argues that the trial court's denial of Gonzalez's double jeopardy claim as "successive" is harmless error because Gonzalez "may still be serving the 5-year grand theft sentence consecutive to the remaining nine robbery convictions in the other cases." In its response, however, the State concedes that the record does not reveal whether the trial court in fact amended Gonzalez's sentences in case number 99-993 to run concurrently, or whether he continues to serve the five year grand theft count consecutively to sentences in other cases. The State, therefore, suggests that "[r]emand may be necessary" for the trial court to make these determinations. In his reply brief, Gonzalez states that he is not averse to such a procedure.

III.    <u>CONCLUSION</u>

Because Gonzalez's claim that the trial court's 2013 order resulted in a violation of his constitutional protection against double jeopardy is not barred by the doctrine of collateral estoppel or by the law of the case doctrine, we reverse the trial court's order denying his claim and remand with directions to the trial court to consider the issue on the merits. We affirm, however, the trial court's denial of the motion for rehearing to the extent it concerns Gonzalez's arguments regarding Hale.

Affirmed in part, reversed in part and remanded with directions.