# Third District Court of Appeal

**State of Florida**

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1702
Lower Tribunal Nos. 99-1895B, 99-1876B, 99-2549A,
99-3075B, 99-3780B, 99-10155B, 99-10156B

_____

**Marco Hernandez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Daniel Tibbitt, for appellant.

Pamela Jo Bondi, Attorney General, and Arlisa Certain, Assistant Attorney General, for appellee.


Before ROTHENBERG, SALTER and FERNANDEZ, JJ.

PER CURIAM.

We reverse in part and affirm in part the order denying the defendant's post-

conviction relief motion. As the State commendably concedes in its response, we reverse and remand with a direction that the court is to resentence the defendant in case numbers F99-2549A and F99-3075B by removing the habitual violent felony offender designation, and by correctly designating the defendant as a habitual felony offender in those cases. Gonzalez v. State, 208 So. 3d 143, 147 (Fla. 3d DCA 2016) ("Because the record does not conclusively establish that Gonzalez's double jeopardy claim has been previously decided on the merits, Gonzalez's argument has merit."). The defendant need not be present. Holmes v. State, 100 So. 3d 281, 283 n.5 (Fla. 3d DCA 2012).

We affirm the order in all other respects, and reject the defendant's claim that his sentence in F99-10156B should run concurrently, rather than consecutively, with the sentence in F99-10155B. The court properly made these sentences consecutive, to satisfy the original, total term of 30 years, as detailed in the 1999 plea agreement and sentence.

Reversed and remanded with instructions.