NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JESSIE WILLIAMS,                        )
                                       )
            Appellant,                 )
                                       )
v.                                     )        Case No. 2D17-1979
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed April 20, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Michael F. Andrews,
Judge.

Jessie Williams, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Linsey Sims-
Bohnenstiehl, Assistant Attorney
General, Tampa, for Appellee.


PER CURIAM.

        Jessie Williams appeals the postconviction court order dismissing as

successive his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a).

We affirm the dismissal of Williams' claims with respect to his sentences in case

CRC84-01679-CFANO without comment.  However, because the record before this

court does not demonstrate that Williams' claim with respect to his sentences in case CRC84-01993-CFANO is successful, we reverse and remand for further proceedings on that claim only.

In case CRC84-01993-CFANO, a jury convicted Williams of burglary of a dwelling or occupied structure and dealing in stolen property, both second-degree felonies. See §§ 810.02(3), 812.019(1), Fla. Stat. (Supp. 1984). The statutory maximum for these charges is fifteen years' imprisonment. See § 775.082(3)(c), Fla. Stat. (Supp. 1984). The circuit court sentenced Williams as a habitual felony offender, see § 775.084, to thirty years' imprisonment for each count to be served consecutively. This court vacated Williams' sentences on appeal because the trial court provided improper reasons for departing from the guidelines. See Williams v. State, 493 So. 2d 48, 48-49 (Fla. 2d DCA 1986). On remand, the trial court again sentenced Williams to consecutive terms of thirty years' imprisonment and provided written reasons for departure. However, the written sentence does not provide that Williams was sentenced as a habitual felony offender. This court affirmed Williams' sentences on direct appeal. See Williams v. State, 509 So. 2d 936 (Fla. 2d DCA 1987) (table decision).

The summary record reveals that Williams filed at least one prior rule 3.800(a) motion. In 2015, Williams filed a motion alleging that his "HFO sentence exceeds the maximum provided by law." In an October 19, 2015, order the postconviction court denied this claim as to case CRC84-01993-CFANO, reasoning that Williams' claims were without merit because he was not designated as a HFO and that

his resentencing was affirmed on appeal. That order is silent as to whether Williams' sentences are illegal for exceeding the statutory maximum.

On March 1, 2017, Williams filed a motion pursuant to rule 3.800(a), arguing, in pertinent part, that his thirty-year sentences in case CRC84-01993-CFANO are illegal because they exceed the statutory maximum sentence for second-degree felonies, which is fifteen years' imprisonment. See § 775.082(3)(c). The postconviction court dismissed this claim as successive, referencing and attaching the October 19, 2015, order.

We review the denial of a rule 3.800(a) motion de novo. Smith v. State, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014). Under rule 3.800(a), the burden is on the movant to establish an entitlement to relief on the face of the record. Smart v. State, 124 So. 3d 347, 349 (Fla. 2d DCA 2013). Upon denying a facially sufficient motion, it is incumbent upon the postconviction court to attach records conclusively refuting the defendant's claim. England v. State, 879 So. 2d 660, 662 (Fla. 5th DCA 2004).

Although rule 3.800(a) allows for the filing of successive motions, defendants are not entitled to litigate successive claims. State v. McBride, 848 So. 2d 287, 290-91 (Fla. 2003). A postconviction court should not dismiss a claim as successive unless it was the specific issue raised by the prior motion and denied on the merits. See Fuston v. State, 764 So. 2d 779, 780 (Fla. 2d DCA 2000). If a court does dismiss a claim as successive, "a copy of that portion of the files and records necessary to support the court's ruling must accompany the order dismissing the motion." Jones v. State, 198 So. 3d 920, 921 (Fla. 5th DCA 2016) (quoting rule 3.800(a)(2)); see also Pleasure v. State, 931 So. 2d 1000, 1002 (Fla. 3d DCA 2006).

The postconviction court erred in dismissing Williams' claim that his sentences in CRC84-01993-CFANO are illegal for exceeding the statutory maximum on the basis that this claim was successive. The summary record does not demonstrate that the postconviction court has previously ruled on the merits of this particular claim. Although the postconviction court reasoned that it denied a similar claim, the October 19, 2015, order does not demonstrate that this specific issue was previously addressed on the merits. See Fuston, 764 So. 2d at 780. The summary record before this court does not otherwise conclusively refute Williams' claim that his sentences are illegal for exceeding the statutory maximum.[1]

Accordingly, we reverse and remand for further proceedings consistent with this opinion. If the postconviction court again dismisses the claim as successive, it must provide portions of the record to support its dismissal. Alternatively, if the court determines that Williams' claim is not successive, it should address the merits of Williams' claim.

Affirmed in part, reversed in part, and remanded.

SILBERMAN, SLEET, and ROTHSTEIN-YOUAKIM, JJ., Concur.

---

[1]On appeal, the State maintains that Williams was orally sentenced as a habitual felony offender and that the facial illegality of the sentence is due to a discrepancy between the oral and written sentences. See Ashley v. State, 850 So. 2d 1265, 1268 (Fla. 2003). The State attached to its response copies of Williams' resentencing transcripts tending to support this assertion. However, we are precluded from considering the transcripts because they were not considered by the postconviction court and are not otherwise a part of the summary record. See St. Cyr v. State, 126 So. 3d 1166, 1166-67 (Fla. 4th DCA 2012).