PER CURIAM.
Affirmed. See Marek v. State, 14 So.3d 985, 990 (Fla. 2009) (holding: "To obtain a new trial based on newly discovered evidence, a defendant must meet two requirements. First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. See Jones v. State, 709 So.2d 512, 521 (Fla.1998) ( Jones II ). Newly discovered evidence satisfies the second prong of the Jones II test if it 'weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability.' Jones II, 709 So.2d at 526 (quoting Jones v. State, 678 So.2d 309, 315 (Fla.1996) ). If the defendant is seeking to vacate a sentence, the second prong requires that the newly discovered evidence would probably yield a less severe sentence. See Jones v. State, 591 So.2d 911, 915 (Fla.1991) ( Jones I )").