# Third District Court of Appeal

## State of Florida

Opinion filed January 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2211
Lower Tribunal Nos. F88-2420, F81-10625, F81-3029
_____

**Kevin D. Harvey,**
Petitioner,

vs.

**The Circuit Court of the Eleventh Judicial Circuit, et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Kevin D. Harvey, in proper person.

Ashley Moody, Attorney General, for respondent The State of Florida.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Following review of Kevin Harvey's petition for writ of habeas corpus,

filed December 13, 2023, it is ordered that said petition is hereby denied.

# ORDER TO SHOW CAUSE

The Court further notes that, since the affirmance of Harvey's judgment and sentence on direct appeal in 1991 (Harvey v. State, 575 So. 2d 663 (Fla. 3d DCA 1991)), Harvey has filed at least twenty-five (25) pro se postconviction appeals or original proceedings in this Court, related to the convictions, judgments, and sentences in circuit court case number F88-2420. See, e.g., Harvey v. State, 3D22-36 (petition denied by order Jan. 12, 2022); Harvey v. State, 302 So. 3d 880 (Fla. 3d DCA 2020); Harvey v. State, 259 So. 3d 179 (Fla. 3d DCA 2018); Harvey v. State, 239 So. 3d 682 (Fla. 3d DCA 2017); Harvey v. State, 224 So. 3d 228 (Fla. 3d DCA 2017); Harvey v. State, 208 So. 3d 91 (Fla. 3d DCA 2016); Harvey v. State, 191 So. 3d 471 (Fla. 3d DCA 2016); Harvey v. State, 207 So. 3d 239 (Fla. 3d DCA 2015); Harvey v. State, 139 So. 3d 899 (Fla. 3d DCA 2013); Harvey v. State, 95 So. 3d 236 (Fla. 3d DCA 2012); Harvey v. State, 91 So. 3d 145 (Fla. 3d DCA 2012); Harvey v. State, 78 So. 3d 11 (Fla. 3d DCA 2011); Harvey v. State, 72 So. 3d 760 (Fla. 3d DCA 2011); Harvey v. State, 56 So. 3d 113 (Fla. 3d DCA 2011); Harvey v. State, 11 So. 3d 457 (Fla. 3d DCA 2009); Harvey v. Gammons, 6 So. 3d 617 (Fla. 3d DCA 2009); Harvey v. State, 993 So. 2d 530 (Fla. 3d DCA 2008): Harvey v. State, 990 So. 2d 1074 (Fla. 3d DCA 2008); Harvey v. State, 864 So. 2d 421 (Fla. 3d DCA 2003); Harvey v. State,

861 So. 2d 1162 (Fla. 3d DCA 2003); Harvey v. State, 773 So. 2d 1161 (Fla. 3d DCA 2000); Harvey v. State, 744 So. 2d 1008 (Fla. 3d DCA 1999); Harvey v. State, 656 So. 2d 160 (Fla. 3d DCA 1995); Harvey v. Chavies, 642 So. 2d 1375 (Fla. 3d DCA 1994); Harvey v. State, 613 So. 2d 36 (Fla. 3d DCA 1992).

This Court has never granted relief to Harvey based on the merits of his postconviction claims.[1] In the instant proceeding, Harvey continues to raise claims he previously raised, and which this Court previously found to be without merit. Further, Harvey continues to raise claims which are procedurally barred, improperly seeking to cast the claim as a petition for writ of habeas corpus in an attempt to avoid the two-year time limitation for motions made pursuant to Florida Rule of Criminal Procedure 3.850.

By engaging in such conduct in this Court, it appears that Harvey has abused the judicial process, continuing to seek relief by raising procedurally barred claims and urging pursuing claims that have already been considered and determined to be without merit. Harvey's actions have caused this Court

---

[1] In twenty-four of the twenty-six appellate proceedings enumerated above, this Court has denied or dismissed Harvey's petition, or has affirmed the trial court's order. In the remaining two proceedings, the Court granted limited procedural relief, remanding the postconviction claim to the trial court for a merits-based determination. Ultimately, the trial court denied each of Harvey's claims for postconviction relief and this Court affirmed the trial court's orders or otherwise denied or dismissed Harvey's petitions seeking mandamus, prohibition, habeas or other relief.

to expend precious and finite judicial resources, which could otherwise be devoted to cases raising legitimate claims.  See Hedrick v. State, 6 So. 3d 688, 691 (Fla. 4th DCA 2009) (noting: "A legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.") See also Casey v. State,177 So. 3d 603, 605 n.3 (Fla. 2015) ("The United States Supreme Court has stated that '[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'" (quoting In re McDonald, 489 U.S. 180, 184 (1989))).

**The Court therefore orders Kevin Harvey to show cause, within forty-five (45) days from the date of this Order,  why he should not be prohibited from filing further pro se pleadings in this Court relating to the convictions, judgments, and sentences in circuit court case number F88-2420**.

Absent a showing of good cause, this Court intends to direct the Clerk of the Third District Court of Appeal to refuse to accept any paper, document or filing relating to circuit court case number F88-2420, unless it has been reviewed and signed by a member in good standing of The Florida Bar.